NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2008
Decided August 20, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-3254

MIN NING LIN,
also known as YAN PING MEI,
　　*Petitioner*,

　　*v.*

MICHAEL B. MUKASEY,
Attorney General of the United States,
　　*Respondent*.

On Petition for Review from an Order of
the Board of Immigration Appeals.

No. A97 385 272

**O R D E R**

Min Ning Lin seeks asylum in the United States because, she says, she will be persecuted by Chinese authorities for imputed involvement in Falun Gong if she is returned there. An immigration judge found that she was not credible because her story contained inconsistencies, and that in any case she failed to establish that she was eligible for asylum. The BIA adopted and affirmed the IJ's decision. She now petitions for review, arguing that the IJ erred in finding she was not credible and that she has established her eligibility for asylum. We deny the petition for review.

The facts in this case are disputed; the IJ found Lin not credible, and she contests that finding. According to her account, Lin worked part-time at a bookstore owned by a friend's parents in her hometown in China. The bookstore sold materials related to the Falun Gong movement, which is banned by the Chinese government, although Lin herself is not a Falun Gong member. In June 2002 authorities searched the bookstore and discovered the banned materials. Several days later, Lin was visiting the same friend's home when police arrived with a warrant to arrest the friend's parents. Police detained and questioned Lin for half a day, but she was not physically harmed.

Lin claims that on July 20, 2002, authorities issued a summons for her, which was served while she was not at home and received by her younger brother. Lin's aunt, who, according to Lin, was privy to inside information, informed her that the authorities intended to arrest her for selling Falun Gong materials. After that, Lin went into hiding, moving from one place to another for almost a year until she paid a snakehead $50,000 to help her escape the country and enter the United States. Lin's brother remains safely in China, and her parents, who are legal residents of the United States, have visited China and returned to the United States at least three times since Lin left.

Lin entered the United States illegally in June 2003. She stated that she wished to apply for political asylum because she was afraid that she would be jailed if she returned to China. At her credible fear interview, when asked why she left China, she related the story of her detention, but she did not mention the summons. Lin applied for asylum in February 2004, and in her declaration she did mention the summons, and she stated that after she found out about the summons she went into hiding. When asked at her removal hearing in January 2006 why she left China, she stated that she left because a summons was issued for her and that she had heard that authorities believed she was involved in Falun Gong and would arrest her.

The IJ, in an oral decision, found Lin's testimony not to be credible and denied her applications for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ identified several reasons for not finding her credible. First, he questioned why her parents, who are legally in the United States, did not testify on her behalf or provide other evidence supporting her claim. Second, he found unbelievable her story that she paid $50,000 to leave China. Third, he found the fact that she presented a false passport to gain entry into the United States weighed against her credibility. And finally, he found that her credible fear statement and her subsequent statements were inconsistent on the issue of the summons and that she had not sufficiently corroborated her story. The IJ then went on to find in the alternative that even if he accepted Lin's story as true, she had not established past persecution or a likelihood of future persecution. Lin appealed to the BIA, which affirmed and adopted the decision of the IJ.

Lin now argues that the IJ's credibility finding was not supported by substantial evidence. She also contends that the IJ erred in finding that even if her testimony was truthful she was not eligible for asylum. She does not argue in her petition that she suffered past persecution.

Because the BIA expressly adopted the IJ's opinion in addition to providing its own analysis, we review the IJ's opinion as supplemented by the BIA. *See Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007). We review denials of asylum and withholding of removal for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Tariq v. Keisler*, 505 F.3d 650, 656 (7th Cir. 2007). We will overturn the agency's determination only when "the evidence compels that contrary conclusion," and not merely because we would have resolved the issue differently. *Capric v. Ashcroft*, 355 F.3d 1075, 1086 (7th Cir. 2004) (internal quotation marks and citations omitted). Moreover, an IJ's credibility determinations should be overturned only under "extraordinary circumstances." *Pop v. INS*, 270 F.3d 527, 531 (7th Cir. 2001). Even if we conclude that some of the IJ's reasons for finding a witness not credible were erroneous, we will still deny the petition for review if some of the reasons are sufficient to support the determination. *See Huang v. Gonzales*, 453 F.3d 942, 945 (7th Cir. 2006). However, an IJ's credibility determinations must be based on more than just "personal speculation or conjecture." *Id.* (internal quotation marks and citation omitted).

In this case, the IJ improperly based his credibility determination in part on personal speculation, but at least one of his reasons was sufficient to support the determination. First, the IJ found that because Lin used a false passport to enter the United States, her credibility was in question. That determination was error; entry into the United States with false documents does not establish a lack of credibility. *Dong v. Gonzales*, 421 F.3d 573, 578-79 (7th Cir. 2005); *see also Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006); *but see Mitondo v. Mukasey*, 523 F.3d 784, 786 (7th Cir. 2008) (upholding denial of asylum in part because petitioner's fraudulent entry documents cast doubt on factual basis of asylum claim). The IJ also said he found it incongruous that Lin paid a smuggler $50,000 to help her leave China. But his personal disbelief aside, *see Huang*, 453 F.3d at 945, nothing about this story is incredible–a fugitive fleeing persecution might very well pay a large sum to escape without alerting authorities. And neither how she came to the United States nor how she left China goes to "the heart of her claim," *see Soumare v. Mukasey*, 525 F.3d 547, 553 (7th Cir. 2008), which is which is still the relevant test for credibility determinations in asylum cases filed before May 11, 2005, the enactment date of the REAL ID Act of 2005, § 101(a)(3), 8 U.S.C. § 1158(b)(1)(B)(iii), *cf. Mitondo*, 523 F.3d at 787-88. *See also Kadia v. Gonzales*, 501 F.3d 817, 821-22 (7th Cir. 2007).

But the IJ's third reason is supported by the record and does touch on the heart of Lin's claim. The IJ noted an inconsistency between Lin's credible fear interview and her hearing testimony over whether she was actually summonsed. In her hearing testimony, Lin stated that she left China because on July 20, 2002, Chinese authorities issued a summons for her and that her aunt was privy to inside information that they would arrest her for involvement with Falun Gong. But in her credible fear interview, Lin never mentioned a summons, instead referring only to her detention. Although the two statements are not inherently contradictory, they are inconsistent, and they cast doubt on her story. "Trivial inconsistencies" do not support a determination that an alien is not credible, *see Kadia*, 501 F.3d at 821, but in her hearing testimony Lin stated that the summons was the reason she left China. Lin's impetus for leaving China is more than a trivial fact, and the inconsistency provided the IJ with substantial evidence to find her not credible. And despite the fact that the alleged summons was in her brother's possession and that her parents took several trips to China where they could have retrieved the summons, Lin did not submit the summons to the IJ to corroborate her story.

Furthermore, the IJ correctly concluded that even if Lin were credible, she would not be eligible for asylum. An alien seeking asylum in the United States must demonstrate a well-founded fear of future persecution. *Iao v. Gonzales*, 400 F.3d 530, 532 (7th Cir. 2005). Persecution is "punishment or the infliction of harm for political, religious, or other reasons that this country does not recognize as legitimate." *Liu v. Ashcroft*, 380 F.3d 307, 312 (7th Cir. 2004) (internal quotation marks and citation omitted). We have held that members of Falun Gong face a substantial likelihood of persecution in China. *Iao*, 400 F.3d at 532. Although Lin does not claim to be a member of Falun Gong, she may still succeed in her claim if the authorities imputed membership to her. *See Liu*, 380 F.3d at 312.

Lin, however, has not established a well-founded fear of future persecution because she has not shown that authorities imputed any opinion or membership to her. The only evidence in the record to show that authorities imputed involvement in Falun Gong activities to Lin was her testimony that her aunt had heard that Lin would be arrested for involvement if she answered the summons. She was detained on one previous occasion, but she was released unharmed the same day after being questioned. The government also correctly points out that there is nothing in the record suggesting that the Chinese government is still looking for Lin. The IJ's finding that Lin does not have a well-founded fear of future persecution is supported by substantial evidence.

Because Lin cannot prove her asylum claim, she cannot make the more stringent showing necessary for withholding of removal. *See Soumare v. Mukasey*, 525 F.3d 547, 552 (7th Cir. 2008). Nor has she established that it is more likely than not she would be

tortured if returned to China, so her Convention Against Torture claim fails as well. *See Tchemkou v. Gonzales*, 495 F.3d 785, 794 (7th Cir. 2007). Accordingly, because there is nothing in the record that compels reversal of the agency's decision to deny relief, the petition for review is DENIED.